This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**VERONICA GRIEGO,**

    Petitioner-Appellee,

v.                              **NO. 29,572**

**RAYMOND GRIEGO,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Ellington & Ellington, L.L.C.
Kathrin Kinzer-Ellington
Santa Fe, NM

for Appellee

Raymond Griego
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Father appeals the order resolving objections to the hearing officer's findings and adopting the hearing officer's recommendations in this domestic relations case. We issued two calendar notices. In our second calendar notice, we proposed to reverse and remand for further proceedings in the district court. Both Father and Mother filed responses opposing our proposed disposition. We have considered the arguments made by the parties and we remain convinced that reversal is appropriate in this case. For the reasons discussed below and in our notices, we reverse and remand this case to the district court.

The issues in this case revolve around tuition payments for the private school that Child attends. In our first calendar notice, we proposed to reverse and remand to allow the district court to determine whether the portion of Mother's tuition obligation that is paid in full by Grandparents should be imputed to her as income. In response, Mother argued that the idea of imputing income to her was never raised in the district court and also argued that the tuition payments made by her parents were a gift to Child and, therefore, should not be imputed to her as income. Father responded by claiming that the marital settlement agreement between the parties did not allow Mother to make a unilateral decision to place Child in a private school, and therefore, Mother, alone, is obligated to pay for that decision. We issued a second calendar

notice addressing the parties' arguments and noting that, if the tuition is a gift to Child, it would seem that neither party should be obligated to pay for Child's tuition. Again, we received responses from both parties. Mother continues to claim that the issue of imputation was not properly preserved, and Father continues to argue that he should not be obligated to pay for Mother's unilateral decision to place Child in private school.

We hold that the question of whether a portion of the tuition payment should be included as income to Mother was properly preserved by Father. In particular, Father raised this argument in his objections to the hearing officer's recommendations, which were filed before the district court adopted the recommendations by order. Father argued that "if the maternal grandparents provide the tuition which Father is ordered to pay, Mother should include the amount the grandparents are paying in her income." [RP 211] Father went on to argue that if the district court decides that the tuition should be included in the support calculation, Father wished to pay directly to the school the portion for which he would be responsible because, as Grandparents are actually paying the tuition and not Mother, including Father's tuition payment in the child support amount would result in "a windfall" to Mother. [Id.] Mother did not respond to that particular argument.

3

"The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127, *cert. granted*, __-NMCERT-__, __ N.M. __, __ P.3d __ (No. 31,750, July 30, 2009); *see also Gracia v. Bittner*, 120 N.M. 191, 195, 900 P.2d 351, 355 (Ct. App. 1995) (stating that "the preservation requirement should be applied with its purposes in mind, and not in an unduly technical manner to avoid reaching issues that would otherwise result in reversal"). The purposes of the preservation rule were met in this case.

Father continues to argue that the hearing officer's recommendations were contrary to law because the result was an unlawful alteration to the parties' marital settlement agreement that prohibited the parties from making such unilateral decisions as placing Child in a private school. The hearing officer found that the requirement of obtaining Father's approval for the cost of tuition was not satisfied for the time period up to February 2008. [RP 202] The hearing officer also found that there was

4

a presumption of a material and substantial change in circumstances under NMSA 1978, Section 40-4-11.4 (1991), and the presumption had not been rebutted. [RP 204] The district court may modify child support, subsequent to a pre-existing order, when there has been a material and substantial change. Section 40-4-11.4(A). As discussed in our first calendar notice, Section 40-4-11.1(I)(2) allows any extraordinary educational expenses to be included in child support. We hold that, based on the statutory sections referred to above, it was not error for the hearing officer to recommend that the private school tuition be considered a valid expense, nor for the district court to accept that recommendation.

As indicated by the responses from the parties during the summary calendar process, there remain questions for the district court to decide in this case. For example, the district court should determine whether the tuition payment was a gift from Grandparents to Child, and if so, what impact, if any, there would be on the child support obligations of the parties. If not classified as a gift, the district court should determine whether the tuition payments were made by Grandparents on Mother's behalf and what impact, if any, there would be on Mother's income and/or Father's income for purposes of calculating child support. Mother refers to testimony allegedly given by Grandfather that indicates that he was "resigned" to paying the

tuition and that the hearing officer did not find that Grandfather was "happy" about paying the tuition or did so "voluntarily." We note that the hearing officer also made no findings that Grandfather was unhappy about paying the tuition or paid it involuntarily. Mother's allegations do not resolve the questions left to be determined by the district court.

We reverse the district court's order and remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**MICHAEL E. VIGIL, Judge**